UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STEARNS BANK, N.A., § <br> Garnishor § <br> § <br> vs. § <br> § <br> RIO BANK, FALCON BANKSHARES, § <br> INC., FIDELITY INVESTMENTS, LONE § <br> STAR NATIONAL BANK, IBC BANK § <br> A/K/A INTERNATIONAL § <br> BANCSHARES CORPORATION and § <br> TEXAS REGIONAL BANK § <br> Garnishees § | Civil Action No: 7:21-cv-00329 |

**MOTION TO DISSOLVE WRITS OF GARNISHMENT**

To the Honorable Judge of Said Court:

Comes Now RENRYDER, LLC, FEDERICO R. SANDOVAL and ARMANDINA L. SANDOVAL (collectively the **Movants"**) and move the Court to dissolve and vacate all of the writs of garnishment issued by the Court in the above-captioned case (the **"Writs"**) for which STEARNS BANK, N.A. (**"Stearns" or "Garnishor"**) applied and further move the Court to dissolve and vacate the order(s) granting said Writs and in support of this Motion the Movants show the Court as follows.

  1.  On September 1, 2021, Stearns filed its Complaint (Dkt 1) applying for writs of garnishments (the **"Garnishment Application"**) in the above-captioned case. The sole affidavit filed in support of said Application is the Affidavit of Rick A. Zuniga, which is attached as Exhibit "B" to the Garnishment Application, hereinafter the **"Supporting Affidavit"**.

2. On October 18, 2021, the Court issued an order granting the Application. *See* Dkt 19. Each finding set forth in said order is addressed by the Movants as follows. Movants realize that Tex. R. Civ. P. 664a requires them to respond to each finding in the order: "Such motion shall admit or deny each finding of the order directing the issuance of the writ except where the movant is unable to admit or deny the finding, in which case movant shall set forth the reasons why he cannot admit or deny." However, the Order has been sealed by the Court. The undersigned's staff contacted the District Clerk's Office to inquire about obtaining a copy of the Order for the purpose of this response. The clerk informed said staff member that we would need to contact the Court to request the Order. Said staff member then contacted this Court's judicial assistant who stated that we would need to submit a motion to the Court requesting the Order to be unsealed.

3. The Putative Judgment on which the Garnishment Application relies was issued by this Court in case number 7:21-cv-00091 in the case styled *Renryder, LLC et al v. Stearns Bank, LLC* (the **"Underlying Case"**). Said Putative Judgment is disputed by the Movants on the grounds to be set forth in the Movants' forthcoming Rule 60(b) Motion (which is incorporated herein) the drafting of which is underway and should be filed by next Wednesday in the Underlying Case. The Movants deny that there is a valid, subsisting judgment on which to base the Garnishment Application.

## Failure to Serve the Movants

4. Federal courts sitting in Texas apply Texas law to garnishments. See *FG Hemisphere Assoc., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir.2006) (noting that "as actions supplemental to or in aid of execution according to [Rule 69], garnishment

actions are governed by state law to the extent it does not conflict with federal law"); see also, <u>Arriaga v. Jess Enterprises</u>, No. 3:12-CV-094-L-BK, 2014 WL 1875917, at *1 (N.D. Tex. Apr. 10, 2014) (applying Texas law to federal garnishment case), report and recommendation adopted, No. 3:12-CV-94-L, 2014 WL 1882002 (N.D. Tex. May 2, 2014).

5.  Texas Rule of Civil Procedure 663a requires a garnishor to serve on each debtor copies of the writ of garnishment, the application, accompanying affidavits, and orders of the court. See Tex. R. Civ. P. 663a. The failure to serve a debtor with said documentation is fatal to the garnishment. See <u>Abdullah v. State</u>, 211 S.W.3d 938, 943 (Tex. App.–Texarkana 2007, no pet.); <u>Hering v. Norbanco Austin I, Ltd.</u>, 735 S.W.2d 638, 641 n.5 (Tex. App.–Austin 1987, writ denied); <u>Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.</u>, 305 S.W.3d 813, 818-19 (Tex. App.—Austin 2010, no pet.) ("The requirement of service on the debtor **is not a mere technicality but is an integral part of the statutory requirements in a garnishment proceeding**.... **[F]ailure to properly serve the debtor deprived the trial court of jurisdiction over the debtor's property—the res."**).

6.  The failure to serve the debtor is fatal without regard to whether the debtor had actual notice of the garnishment or voluntarily appeared to defend against the garnishment. See <u>Hering v. Norbanco Austin I, Ltd.</u>, 735 S.W.2d 638, 641 n.5 (Tex. App.–Austin 1987, writ denied (actual notice of garnishment does not constitute sufficient notice under Rule 663a); <u>Walnut Equipment Leasing Co. v. J-V Dirt & Loam</u>, 907 S.W.2d 912, 915 (Tex. App.–Austin 1995, writ denied) (voluntary appearance by debtor did not waive failure to serve debtor with a copy of the writ); <u>Requena v. Salomon Smith Barney, Inc.</u>,

No. 01—00-00783-CV, 2002 WL 356696 at *3 (Tex. App.—Houston [1st Dist.] March 7, 2002, no pet.)(mem.op.)(not designated for publication) (without proper service of the writ on the debtor, no control or custody can be gained by his answer and appearance); *In re Tasty Moments, LLC*, No. 13-10- 00274-CV, 2011 WL 1204093, at *7 (Tex. App.—Corpus Christi March 31, 2011, orig. proceeding)(mem.op.) ("[A] trial court errs in granting a writ of garnishment when there is no proof of service in strict compliance with the rules even if the defendant has actual knowledge of the garnishment action or makes a voluntary appearance therein.")

7. Here, the Movants were not served with any of the documents listed in Tex. R. Civ. P. 663a. *See* Movants' Affidavits, all of which are attached hereto as Exhibit "1" and incorporated herein. The failure to serve said documents is fatal to this garnishment case and warrants dissolution of the Writs. *See* case law cited *supra*.

8. The Movants did, however, receive the following-described document from Rio Bank. A copy of the Rio Writ (which is described in Exhibit "1") was received by two of the movants directly from Rio bank (not from the Garnishor). However, same does not satisfy Tex. R. Civ. P. 663a for the following reasons. First, the Rio Writ was received from Rio Bank, not from Stearns (the Garnishor). Second, the Rio Writ does not contain the mandatory language required by Tex. R. Civ. P. 663a (addressed below). Third, Rule 663a's timeliness requirement (addressed below) is not satisfied.

9. Rule 663a requires that the face of the copy of the writ of garnishment served on the debtor must "prominently" display, in ten-point type and in "a manner calculated to advise a reasonably attentive person of its contents," the following:

4

"To _____, Defendant:
You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:
"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

Tex. R. Civ. P. 663a

10. Here, the Rio Writ is entirely devoid of the above language. *See* Affidavit of Federico R. Sandoval, which is among the affidavits attached as Ex "1".

11. In addition, service must occur "as soon as practicable." *See* Tex. R. Civ. P. 663a. See also, *Arriaga v. Jess Enterprises*, No. 3:12-CV-094-L-BK, 2014 WL 1875917, at *1 (N.D. Tex. Apr. 10, 2014) ("Texas Rule of Civil Procedure 663a requires that the judgment debtor be served with specified garnishment documents in a precise way and 'as soon as practicable following the service of the writ.'"), report and recommendation adopted, No. 3:12-CV-94-L, 2014 WL 1882002 (N.D. Tex. May 2, 2014)

12. Here, the Rio Writ was not served "as soon as practicable" because it was not received (by the two movants who received it) until February 7, 2022. *See* the Affidavits in Ex "1"; compare the date of issuance by the Court of the writ to Rio Bank set forth in the docket of this Case, of which the Court is asked to take judicial notice.

**Absence of Admissible Evidence and Fatal Defects in the Supporting Affidavit**

13. Garnishment proceedings must "strictly" conform to the statutory requirements. *Id.*; *Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.). That includes strict compliance with

the applicable Texas Rules of Civil Procedure. *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (**The rules "have the same force and effect as statutes."**).

14. Tex. R. Civ. P. 658 requires that a garnishment application shall be supported by affidavit and requires that said affidavit "**shall set forth such facts as would be admissible in evidence**." *Id*. Said rule also requires that the Application **"shall state" "the specific facts relied upon"** to warrant the garnishment. *Id*. Here, said requisites are unsatisfied, for the following reasons.

15. The Supporting Affidavit is entirely silent as to any facts that would support the elements of garnishment, as demonstrated below.

16. The Supporting Affidavit states that "I have personal knowledge of the facts as stated in the Garnishor's Application for Writ of Garnishment After Judgment and they are true and correct." Assuming arguendo that said statement (verifying the application) satisfies Tex. R. Civ. P. 658's affidavit requirement (which is denied), the Affidavit / Application still fail to satisfy Rule 658's other requirements (outlined above), as the following demonstrates.

17. Paragraph 3 of the Garnishment Application (which is purportedly verified by the affidavit) states that "Judgment Debtors do not have, within the Garnishor's knowledge, property within this state, subject to execution, sufficient to satisfy this judgment." Said statement is conclusory (and thus incompetent evidence) because it fails to provide the underlying facts on which it is based. *See* <u>Franks v. Roades</u>, 310 S.W.3d 615, 623 (Tex. App.—Corpus Christi 2010, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion.") In addition, neither the

Supporting Affidavit nor the Garnishment Application contain any underlying facts to show that the affiant has personal knowledge of the statements made in Paragraph 3 of the Garnishment Application.

18. Paragraph 4 of the Garnishment Application (which is purportedly verified by the affidavit) states that "This garnishment is not sought to injure or harass the Garnishee or the Judgment Debtors by sending out a Writ of Garnishment. Rather, Garnishor is attempting to collect on a Judgment." Said statement is conclusory because it fails to provide the underlying facts on which it is based. *See Franks*, 310 S.W.3d at 623 ("A conclusory statement is one that does not provide the underlying facts to support the conclusion.") In addition, neither the Supporting Affidavit nor the Garnishment Application contain any underlying facts to show that the affiant has personal knowledge of the statements made in Paragraph 4 of the Garnishment Application.

19. Conclusory affidavits fail to satisfy Tex. R. Civ. P. 658's requirement that garnishment affidavits "shall set forth such facts as would be admissible in evidence." That is because conclusory statements in an affidavit are not admissible evidence. *See Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 874 (Tex. App.—Corpus Christi 2012, pet. denied) (**Conclusory statements in affidavits do not constitute competent evidence**); *Ashley v. City of San Antonio*, No. SA-17-CV-00076-OLG, 2018 WL 4016484, at *5 (W.D. Tex. Aug. 22, 2018) ("conclusory statements in affidavits are **not competent** summary judgment **evidence**") (citing *Lechuga v. So. Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992) In addition, Tex. R. Civ. P. 658 requires that the supporting affidavit be based on the affiant's personal knowledge.

20. Given that all of the statements in the Supporting Affidavit and the Garnishment Applications are conclusory, Tex. R. Civ. P. 658's requirement that garnishment affidavits "shall set forth such facts as would be admissible in evidence" is unsatisfied. Moreover, the personal knowledge requirement of Tex. R. Civ. P. 658 is unsatisfied as well, as explained *supra*.

21. For the above reasons, the Supporting Affidavit should be stricken and/or disregarded and regardless the Supporting Affidavit and Garnishment Application fail to state the specific facts relied upon and fail to demonstrate the requisite grounds for issuing writs of garnishment.

## Stay

22. The filing of this Motion triggers a stay of the proceedings, including pursuant to Tex. R. Civ. P. 664a ("The filing of the motion shall stay any further proceedings under the writ, except for any orders concerning the care, preservation or sale of any perishable property, until a hearing is had, and the issue is determined.")

## Prayer

23. The Movants pray that the Court vacate and dissolve the Writs along with the Order issuing said Writs, that the Court award the Movants damages for wrongful garnishment, that the Court grant the Movants recovery of attorney's fees and costs incurred in this case, and for all further relief to which the Movants are entitled.

Respectfully submitted,

By: __/s/ Antonio Villeda__
      Antonio Villeda

<pre>
                              VILLEDA LAW GROUP
                              6316 North 10th Street, Bldg. B
                              McAllen, Texas 78504
                              (956) 631-9100
                              (956) 631-9146 - Fax
                              State Bar No. 20585300
                              avilleda@mybusinesslawyer.com
</pre>

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2022, a true and correct copy of the afformentioned Motion was served on the following by the method indicated.

<pre>
Rick Anthony Zuniga                         Via ECF
ATLAS, HALL AND RODRIGUEZ
818 Pecan Avenue
McAllen, Texas 78501
rzuniga@atlashall.com
*Attorney for Stearns Bank, N.A.*
</pre>

<pre>
                               /s/ Antonio Villeda
                              Antonio Villeda
</pre>